

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**MATTHEW WEIR**
*Assistant Corporation Counsel*
(212) 676-1347
(212) 788-9776 (fax)
mweir@law.nyc.gov

March 28, 2011

**BY E.C.F.**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Kamal Decosta v. City of New York, et al.</u>
             10 Civ. 5936 (NGG) (LB)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter.  Defendant respectfully requests that its time to respond to the complaint in this action be extended for sixty days from March 28, 2011, to May 27, 2011.  Plaintiff's counsel consents to this request.

      A decision concerning this office's representation of defendants Mark DiPaolo, Alison Richardson and Freddie Garcia has not yet been made and, accordingly, this request for an extension is not made on his behalf.  However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, if they have been properly served, we would hope that the Court may, *sua sponte*, extend the time to answer on behalf of all of the defendants.

      Plaintiff alleges that, on September 22, 2009, he was falsely arrested and subjected to excessive restraint by New York City police officers after inquiring into the arrest of a young girl in the vicinity of Admans Street and Willoughby Street in Brooklyn, New York. Plaintiff claims that after being threatened by an officer present, other officers requested that he produce identification, but that he was quickly arrested when he asked the officers why they were making such request.  Plaintiff also claims that his handcuffs were unreasonably tight and caused swelling to his hands and wrists.  Plaintiff claims that his criminal charges were ultimately dismissed after he accepted an adjournment in contemplation of dismissal.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, as plaintiff alleges that the criminal charges against him were dismissed, all records associated with the incident alleged in the complaint would be sealed pursuant New York Criminal Procedure Law §160.50. Accordingly, our office is in the process of forwarding to plaintiff for execution the necessary consent authorization form so that we may access the police, criminal court and any District Attorney records associated with the incidents alleged in the complaint. Moreover, as plaintiff alleges that defendants caused him both physical and emotional injuries, this office is also in the process of forwarding to plaintiff for execution a medical release. This medical release is necessary for our office to obtain medical records associated with plaintiff's alleged physical and emotional injuries or treatment, if any. Therefore, an extension of time will allow this office time to obtain the relevant documents and satisfy our obligations under Rule 11 in advance of responding to the complaint.

Further, assuming plaintiff effects timely service on the individually named defendants, DiPaolo, Richardson and Garcia, the enlargement will also allow this office time to determine, pursuant to Section 50-k of the New York General Municipal Law and based on the facts of the case, whether we can represent them. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension has been made by defendant in this action. Accordingly, defendant respectfully requests that its time to respond to the complaint be extended until May 27, 2011.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

  s/  

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Lurie Daniel Favors, Esq., counsel for plaintiff (by E.C.F.)