

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **MATTHEW WEIR**<br>*Assistant Corporation Counsel*<br>(212) 676-1347<br>(212) 788-9776 (fax)<br>mweir@law.nyc.gov |

January 27, 2012

**BY E.C.F.**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Kamal Decosta v. City of New York, et al.
                  10 Civ. 5936 (NGG) (LB)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter in which the parties have reached an agreement to settle. Pursuant to that agreement, please find enclosed herewith a Proposed Stipulation of Settlement and order of Discontinuance, signed by counsel for both parties, submitted for the Court's endorsement.

      I thank the Court for its time and consideration of this matter.

      Respectfully submitted,

        s/

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

Encl.

cc:    Hon. Lois Bloom, U.S.M.J. (via E.C.F.)

       Lurie Daniel Favors, Esq., counsel for plaintiff (by E.C.F.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KAMAL DECOSTA,

                                                 Plaintiff,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, CAPTAIN MARK
DIPAOLO, PO ALISON RICHARDSON, PO
FREDDIE GARCIA, PO JANE DOE and PO JOHN
DOE individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                          Defendants..

----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 5936 (NGG) (LB)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 21, 2010, alleging violations of his federal civil and state common law rights; and

**WHEREAS,** defendant The City of New York has denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the plaintiff and defendant The City of New York now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to agree to the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.  The above-referenced action is hereby dismissed against defendant The City of New York with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.  The City of New York hereby agrees to pay plaintiff Kamal DeCosta the sum of THIRTY THOUSAND HUNDRED DOLLARS ($30,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees in this action. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against defendants The City of New York, Mark DiPaolo, Freddie Garcia and Alison Richardson, and to release defendants The City of New York Mark DiPaolo, Freddie Garcia and Alison Richardson, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.  Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

2

4. Nothing contained herein shall be deemed to be an admission by defendants The City of New York, Mark DiPaolo, Freddie Garcia and Alison Richardson that they or any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: Brooklyn, New York
_____, 2012

| | |
|---|---|
| Lurie Daniel Favors<br>Daniel Favors Law Group P.C.<br>*Attorneys for Plaintiff*<br>305 Broadway<br>14th Floor<br>New York, NY 10007<br>347-967-7737<br><br>By: _____<br>Lurie Daniel Favors, Esq. | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street, Room 3-137<br>New York, New York 10007<br>(212) 676-1347<br><br>By: _____<br>Matthew Weir<br>Assistant Corporation Counsel |

SO ORDERED:

_____
STERLING JOHNSON, JR., U.S.D.J.

4